Mark P. Breyer (Bar No. 016862)
Robert H. Kleinschmidt (Bar No. 009493)
BREYER LAW OFFICES, P.C.
3840 East Ray Road
Phoenix, Arizona 85044
480-219-0482
minutes@breyerlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Gustavo U. Ramirez, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Hartford Underwriters Insurance Company, a foreign corporation; Americold Realty Trust, a foreign REIT corporation; Smith's Food & Drug Centers, Inc., an Ohio corporation, d/b/a Fry's Food Stores; The Kroger Co., a foreign corporation; John and Jane Does 1 5; and ABC Corporations  1-5,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Gustavo U. Ramirez ("Gustavo") for his Complaint against Defendants alleges as follows:

1. Plaintiff, Gustavo, is a citizen and resident of the State of Arizona at times material herein.

2. The Defendant, Hartford Underwriters Insurance Company ("Hartford"), is a citizen of the State of Connecticut, incorporated in the State of Connecticut, and has its principal place of business in the State of Connecticut at all times material herein.

1

3. The Defendant, Americold Realty Trust ("Americold") is a citizen of the State of Georgia, incorporated in the State of Georgia, and has its principal place of business in the State of Georgia at all times material herein.

4. The Defendant, Smith's Food & Drug Centers, Inc. ("Smiths") is a citizen of the State of Ohio, incorporated in the State of Ohio, and has its principal place of business in the State of Ohio at all times material herein.

5. The Defendant, the Kroger Company ("Kroger"), is a citizen of the State of Ohio, incorporated in the State of Ohio, and has its principal place of business in the State of Ohio at all times material herein.

6. Jurisdiction and venue are proper and appropriate in this Court.

7. This is a Declaratory Judgment action commenced pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201 *et seq.*

8. All such Defendants in addition to Hartford are joined so as to be bound by this Declaratory Judgment action.

9. On or about October 13, 2020, Gustavo was an employee of Americold. While working in the course and scope of his employment at a warehouse facility owned by/controlled by Smith's/Kroger in Maricopa County, Arizona, he was seriously injured and rendered a quadriplegic when a large chunk of ice from ice buildup above fell from above striking his head.

10. As a result of the incident described in ¶ 9. above, suit for personal injury damages was commenced by Gustavo against Defendants Smith's and Kroger with Americold being designated as a Non-Party at Fault under Arizona law. This suit is currently pending in this same United States District Court, District of Arizona, Civil filing number, CV-21-1301-PHX-SPL, the Honorable Steven P. Logan presiding. ("the pending action").

11. At the time of the incident described in ¶ 9. above, there was an "Operating Agreement" in effect dated November 19, 2018, and effective as of February 3, 2019, between Atlas Logistics Group Retail Services (Phoenix) LLC, a Delaware limited liability company ("Contractor") ("Atlas") and Smith's Food and Drug Centers, Inc., dba Fry's Food Stores, an Ohio corporation having its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202 ("Kroger"). Upon information and belief, at the time of the incident, Americold became the successor in interest to Atlas. A copy of the "Operating Agreement" is attached hereto as *Exhibit A*.

12. The Operating Agreement described in ¶ 11. above and attached as *Exhibit A* contained the following provision on pages 11-12 under "**9. INSURANCE, INDEMNIFICATON**" as follows: "(a) Contractor will maintain the following insurance during the Term of this Agreement, and as further described on Exhibit E with insurance companies that are A.M. Best A-or better rated: . . . (iii) Workers compensation insurance as required by all applicable state and local laws and ordinances with limits of not less than those required by statute . . . The insurance must be primary coverage without right of contribution from any other Kroger insurance **and must waive rights of subrogation against Kroger and its insurance.**"

13. Pursuant to the Operating Agreement and specifically as mandated under the "**INSURANCE/INDEMNIFICATION**" provision as described in ¶ 11 above, Americold did procure from Hartford Policy number 20 WN S12314 insuring the Named Insured, Americold Realty Trust covering the policy period from October 1, 2020 to October 1, 2021 ("the Policy"). The Policy was not voluntarily provided by Hartford but, rather, the Policy had to be subpoenaed. The Policy is attached hereto as *Exhibit B*.

14. The Policy did contain the Workers Compensation insurance as required under the Operating Agreement. Further, the Policy contained a "WAIVER OF SUBROGATION (0930) with an extra premium paid for the WAIVER OF

3

1  SUBROGATION in the amount of $11,447 as identified on Form Endorsement WC 99
2  00 05 (04-84).  The "WAIVER OF SUBROGATION" is attached hereto as *Exhibit C*.
3         15.    In addition, the Policy contained Endorsement Number 41, Form WC 00 03
4  13, a "**WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS**
5  **ENDORSEMENT**."  This Waiver Endorsement provided as follows: We [Hartford]
6  have the right to recover our payments from anyone liable for an injury covered by this
7  policy.  We will not enforce our right against the person or organization named in the
8  Schedule. . . . [Kroger].
9         **SCHEDULE**
10        Any person or organization from whom you are required by written contract or
11 agreement to obtain this waiver of rights from us. [Kroger]. This "WAIVER" is attached
12 hereto as *Exhibit D*.
13        16.    Due to Gustavo's catastrophic injury occurring while he was on the job and
14 in the course and scope of his employment at the time of this catastrophic injury he has
15 obtained and will continue to obtain in the future Workers Compensation benefits under
16 Arizona law with such Workers Compensation benefits being paid under the Policy.
17        17.    So as to resolve the waiver of subrogation provision in the Policy as it may
18 affect the pending action, Gustavo, through counsel, requested of Hartford to confirm that
19 Hartford would waive its Workers Compensation subrogation/lien interest against
20 Smith's/Kroger, but Hartford refused to do so in spite of the clear unambiguous language
21 in both the Operating Agreement and the Policy.
22        18.    Hartford refused to provide its own policy and referred Gustavo's counsel
23 to its adjuster, Sedgwick Claim Management Services. ("Sedgwick"), *Exhibit E*.
24 Sedgwick refused to acknowledge the clear Waiver of Subrogation language as mandated
25 in the Operating Agreement and as described in the Policy and stated: "**We have**
26 **subrogation interest in the Lien**. (*sic*)" *Exhibit F.*

19. This action presents a justiciable controversy. Gustavo is entitled to a judicial determination as to his rights and responsibilities under the Policy as an additional insured employee of Americold and under the Arizona Workers Compensation Act, A.R.S. §§ 23-901-1091; specifically, a Workers Compensation insurer's subrogation/lien rights as to third parties under A.R.S. §23-1023.

20. This issue has been determined by the 9th Circuit Court of Appeals in *Olivas v. United States of America*, 506 F.2d 1158 (9th Cir. 1974) (applying Arizona law). The *Olivas* Court upheld the validity of a waiver of a workers compensation insurer's subrogation right against third parties under Arizona law.

21. This Court needs to declare, determine, and resolve this important subrogation/lien issue as it affects the pending action as to whether Hartford is entitled to subrogation under the Policy or whether Hartford is not entitled to subrogation under the Policy.

22. Current Workers Compensation benefits paid to date to Gustavo are believed to be approximately $1.8 Million. Gustavo is entitled to a judgment against Hartford declaring and determining there is no subrogation right of Hartford under the Policy such that any money received in settlement or by court action/judgment need not be paid back to Hartford.

23. Gustavo asserts this Declaratory Judgment action arises out of contract such that he is entitled to his costs and attorneys' fees incurred pursuant to A.R.S. §§ 12-341 and 12-341.01 or other applicable law. The Federal Declaratory Judgment Act authorizes an award of attorneys' fees where the controlling state substantive law permits such recovery. *AG Acceptance Corp. v. Veigel*, 564 F.3d 695 (5th Cir. 2009).

WHEREFORE, Plaintiff, Gustavo respectfully asks this Court to enter judgment against Hartford and binding on all Defendants:

5

A. Declaring that based upon the Policy and Arizona law, Hartford has no lien/subrogation interest as it may affect the pending action currently pending in federal court in Arizona.

B. Awarding Plaintiff his attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01 and other applicable law.

C. Awarding Plaintiff his taxable costs incurred herein pursuant to A.R.S. § 12-341 and other applicable law.

D. Awarding such other and further relief as the Court deems fair, just, and equitable.

RESPECTFULLY SUBMITTED: March 20, 2024

**BREYER LAW OFFICES, P.C.**

_____
Mark P. Breyer
Robert H. Kleinschmidt
3840 East Ray Road
Phoenix, Arizona 85044
Attorneys for Plaintiff

/s/*Karen Erickson*
210238

6