Mark P. Breyer (Bar No. 016862)
Robert H. Kleinschmidt (Bar No. 009493)
BREYER LAW OFFICES, P.C.
3840 East Ray Road
Phoenix, Arizona 85044
480-219-0482
minutes@breyerlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Gustavo U. Ramirez, an individual, | No. 2:24-cv-00613-JJT |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S REQUEST FOR ASSIGNMENT AS AN EXPEDITED TRACK PURSUANT TO LRCIV 16.2** |
| Hartford Underwriters Insurance Company, a foreign corporation; Americold Realty Trust, a foreign REIT corporation; Smith's Food & Drug Centers, Inc., an Ohio corporation, d/b/a Fry's Food Stores; The Kroger Co., a foreign corporation; John and Jane Does 1 5; and ABC Corporations  1-5, | Assigned to The Honorable John J. Tuchi |
| Defendants. | |

Plaintiff, Gustavo U. Ramirez ("Gustavo"), through counsel, requests this Declaratory Judgment action be assigned on an "Expedited Track" under LRCiv 16.2 **DIFFERENTIATED CASE MANAGEMENT**.  This Request is based upon the following:

1.  The above-entitled action was filed on March 20, 2024, and notice of the case number and judge assigned were received by Gustavo's counsel on March 21, 2024.

1

2. As noted in the Civil Cover Sheet filed on March 20, 2024, this Declaratory Judgement action is related to an underlying tort negligence action for damages with Case number CV-21-1301-PHX-SPL and assigned to the Honorable Steven P. Logan. ("Related Action")

3. In the Related Action, on October 13, 2020, Gustavo, a 19-year-old-young man, was on the job working for Americold, his employer, in a warehouse owned by The Kroger Company ("Kroger"), a grocery behemoth.  While in the course and scope of his employment a large chunk of ice fell from above landing on his head and rendering this young man a quadriplegic.  Suit was commenced against Kroger for money damages based upon various theories of responsibility against Kroger for this tragedy. **See Complaint ¶ 9**.

4. Gustavo has been paid approximately $1.8 million in Workers Compensation benefits by the Hartford/Hartford Underwriters Insurance Company ("Hartford"), the Workers Compensation carrier for his employer, Americold. **See Complaint ¶ 22**.  Future Workers Compensation (with a potential credit) is expected to be enormous.

5. The Operating Agreement between Atlas (now Americold) and Kroger--in effect at the time of this incident--mandated that Workers Compensation coverage be obtained by Kroger and, further, the Workers Compensation carrier "must waive rights of subrogation against Kroger and its insurance." **See Complaint ¶¶ 11, 12 and Exhibits A and B, pp. 11-12 of the Operating Agreement**.

6. Hartford and its insurance adjuster, Sedgwick Claim Management Services ("Sedgewick") refused to provide any Workers Compensation policy and further refused to acknowledge any such policy contained the required waiver

2

of subrogation as mandated by the Operating Agreement. **See Complaint ¶ 18, Exhibits E and F.**

7. Numerous efforts were made to obtain any Workers Compensation insurance policy required to be obtained by Americold under the Operating Agreement but to no avail such that a subpoena had to be issued which then produced the Hartford Workers Compensation insurance policy on March 13, 2024. **See Complaint ¶ 13 and Exhibit B.**

8. Upon receipt of the Hartford Workers Compensation policy in question, it became obvious, in fact, this policy does provide a waiver of subrogation of Workers Compensation benefits as mandated by the Operating Agreement. **See Complaint ¶¶ 11, 12, and Exhibits A, B, C, D.**

9. The Related Action is set to commence trial on May 7, 2024.  Unless Hartford changes its position in view of its own clear policy language containing the Waiver of Workers Compensation language/endorsement, Gustavo may be compelled to ask the Court in the Related Action to stay the Related Action pending a declaration and determination of this insurance coverage issue.

10. This waiver of the Workers Compensation subrogation interest at issue in this Declaratory Judgment action involves a pure question of law which can be determined promptly by Summary Judgment.  As noted in the Complaint, the validity of a Workers Compensation waiver of subrogation clause has already been decided by the 9th Circuit Court of Appeals in the decision of *Olivas v. United States of America,* 506 F.2d 1158 (9th Cir. 1974) (applying Arizona law.) **See Complaint ¶ 20**.

11. It is obvious the catastrophic and life-changing nature of this quadriplegia injury plus this waiver of subrogation issue involves an extraordinary amount of money.  Without this issue being promptly determined, as a practical matter,

3

it makes it difficult, if not impossible, for the parties to continue negotiations which stopped solely because the workers compensation carrier (Hartford) refused to withdraw their invalid subrogation claim or even participate in the mediation on February 27, 2024. Placing this case on an expedited track may allow the parties to continue negotiations as they want to do before trial. Even without settlement it prevents the parties from being up in the air as to the subrogation claims validity following any verdict or judgment in Gustavo's favor.  Accordingly, Gustavo would request this matter involving a pure legal issue be expedited in the method and manner most convenient to the Court.

RESPECTFULLY SUBMITTED: March 21, 2024

**BREYER LAW OFFICES, P.C.**

_____
Mark P. Breyer
Robert H. Kleinschmidt
3840 East Ray Road
Phoenix, Arizona 85044
Attorneys for Plaintiff

ORIGINAL e-filed this day and a COPY mailed to:

HONORABLE JOHN J. TUCHI
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 525
401 W. Washington St., SPC 83
Phoenix, AZ 85003-7660

/s/*Karen Erickson*
210238

4